**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MIGUEL NIEVES GARCIA,         :
                                    Civil Action No. 09-0783 (RBK)
          Petitioner,         :

     v.                       :     OPINION

J. GRONDOLSKY,                :

          Respondent.         :
```

**APPEARANCES:**

Petitioner pro se
Miguel Nieves Garcia
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**KUGLER,** District Judge

Petitioner Miguel Nieves Garcia, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

forma pauperis pursuant to 28 U.S.C. § 1915(a).  The sole respondent is Warden J. Grondolsky.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner was convicted, in the U.S. District Court for the District of Wisconsin, of conspiracy to possess with the intent to distribute more than five kilograms of cocaine and of knowingly and intentionally attempting to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846.  He was sentenced in 1995, as a career offender under U.S. Sentencing Guideline § 4B1.1, to an aggregate term of imprisonment of 360 months.  See United States v. Garcia, Criminal No. 95-0142 (E.D. Wis.).[2]  On July 10, 1996, the U.S. Court of Appeals for the Seventh Circuit affirmed his conviction

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

and sentence.  See United States v. Garcia, 89 F.3d 362 (7th Cir. 1996).

Thereafter, Petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  See Garcia v. United States, Civil No. 97-0825 (E.D. Wis.).  On September 25, 1997, the trial court denied the motion.  On June 16, 1998, the Court of Appeals denied Petitioner's request for a certificate of appealability.  See Garcia v. United States, No. 97-3669 (7th Cir.).

On February 18, 2009, Petitioner submitted this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Here, Petitioner challenges his sentence as a career offender, arguing that a 1972 conviction for conspiracy to possess with intent to distribute heroin, should not have counted as a predicate offense.[3]

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[3] This same argument was considered and rejected by the Court of Appeals on direct appeal.  See United States v. Garcia, 89 F.3d at 366-67.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other

such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

### III. ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255. A one-year period of limitations applies to § 2255 motions. See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is

"inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

   In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception. A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."

Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

The claim presented here is a quintessential legal claim challenging Petitioner's sentence.  All relevant facts and legal arguments were available to Petitioner at the time of his sentencing.  Petitioner has not established, nor even alleged, that § 2255 is inadequate or ineffective to test the legality of his detention.  Indeed, he previously raised the identical claim on direct appeal.  This Court lacks jurisdiction under § 2241 to hear Petitioner's claim.  Instead, this Petition must be construed as a second or successive § 2255 motion, over which this Court also lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  As Petitioner has already raised the claim presented here, and because the Court of Appeals for the Seventh Circuit has already rejected this claim, it does not

7

appear that it would be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Seventh Circuit. The Petition will be dismissed for lack of jurisdiction.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate order follows.

                                        s/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: July 1, 2009